# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAMSBURG COMMONS CONDOMINIUM ASSOCIATION, : : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-511 |
| STATE FARM FIRE AND CASUALTY : COMPANY, : | |
| Defendant. : | |

**November 13, 2012**                                                               **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Williamsburg Commons Condominium Association ("Williamsburg") brings suit against Defendant State Farm Fire and Casualty Company ("State Farm") for declaratory judgment and breach of contract, or in the alternative, for fraudulent misrepresentation and unjust enrichment. I exercise diversity jurisdiction over Williamsburg's claims pursuant to 28 U.S.C. § 1332. State Farm previously filed a motion to dismiss and strike parts of Williamsburg's complaint. At a pretrial conference held on the record on April 11, 2012, I granted Defendant's motion to dismiss Count III for misrepresentation with leave to amend. I denied Defendant's motion to strike Count IV for unjust enrichment. Williamsburg filed an amended complaint. Before me now is State Farm's motion to dismiss and strike parts of the amended complaint.

I.  **BACKGROUND**[1]

Defendant State Farm issued Plaintiff Williamsburg an insurance policy with a term from October 19, 2009 through and including October 19, 2010. The policy covered property damage for the condominium development Williamsburg Commons located in King of Prussia, Pennsylvania. In June 2010, residents in seven homes in Williamsburg Commons noticed cracking interior drywall and other damage. On June 19, 2010, Williamsburg notified State Farm of the damage. Consultants hired by State Farm and Williamsburg each surveyed the property and issued reports. Both concluded that sinkhole activity was responsible for the damage. The consultant hired by Williamsburg recommended compaction grouting remediation to stabilize the ground beneath the homes. Williamsburg paid to fix interior damage to the homes and for the compaction grouting remediation. The remediation process caused additional damage to the homes, which Williamsburg also paid to fix.

State Farm paid Williamsburg $10,000 under the "Extension of Coverage" provision of the policy. On October 26, 2010, Williamsburg wrote to State Farm demanding additional coverage. On February 16, 2011, State Farm paid Williamsburg $107,792.04 for the repair of the interior damage to the homes caused by the sinkhole. On August 22, 2011, State Farm paid Williamsburg $19,276.21 for structural loss to the homes. Williamsburg claims that State Farm failed to indemnify it for the costs of the compaction grouting remediation and for repairs to the homes caused by the remediation process, in excess of $350,000.[2]

---

[1] For purposes of summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (alteration in original) (internal quotation marks omitted). All facts from this section are taken from Plaintiff's Amended Complaint.

[2] Williamsburg makes one reference to spending in excess of $360,000. *See* Am. Compl. ¶ 13.

Williamsburg brings suit against State Farm for declaratory judgment (Count I), breach of contract (Count II), fraudulent or grossly negligent misrepresentation (Count III), and unjust enrichment (Count IV).  In its prayer for relief, Williamsburg requests a declaration stating that State Farm must fully indemnify Williamsburg, an award for the full amount of the remediation and damage caused by the remediation, compensatory damages for State Farm's misrepresentations and unjust enrichment, punitive damages, and "such other and further relief, including reasonable costs and attorneys' fees as the Court may . . . deem just and appropriate."[3]

## II. LEGAL STANDARDS

A motion to dismiss should be granted under Rule 12(b)(6) if the moving party "under any reasonable reading of the complaint . . . may be entitled to relief."  *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (internal quotation marks omitted).  The complaint must allege facts sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."

---

[3] Williamsburg also requested the following relief in the alternative:  the full amount of remediation for the sinkhole damage as *quantum meruit*, or the remaining amount due for the damage to each individual townhome damaged by the sinkhole activity.

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50.

Under Rule 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." *BJ Energy, LLC v. PJM Interconnection, LLC,* Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.,* 859 F. Supp. 154, 158-59 (E.D. Pa.1994)). Therefore, while Rule 12(f) grants the court the power to grant a motion to strike, such motions "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn. Transfer*, 859 F. Supp. at 158 (internal quotation marks omitted). Pennsylvania law applies.

### III. DISCUSSION

State Farm moved to dismiss or in the alternative to strike Count III for misrepresentation, to strike Count IV for unjust enrichment and references to "willful" and "wanton conduct," and motions to dismiss plaintiff's prayer for relief for punitive damages, attorney fees and "other" or "further" relief. Each is addressed in turn, below.

#### A. Motion to Strike Count IV: Unjust Enrichment

Williamsburg's cause of action for unjust enrichment remained unaltered in the amended complaint. I denied State Farm's motion to strike the count for unjust enrichment in the original complaint. Because this is the same exact claim, the motion to strike in the amended complaint is denied as well.

4

### B. Motion to Dismiss or Strike Count III: Fraudulent Misrepresentation

State Farm launches two attacks against Williamsburg's fraudulent misrepresentation claim. First, State Farm argues that Williamsburg has failed to plead its claim with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. In the alternative, State Farm argues that the claim should be stricken under the "gist of the action" doctrine.

Claims for fraudulent inducement are subject to Rule 9(b)'s requirement to plead "with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b); *Beck v. Arcadia Capital Grp., Inc.*, No. 09-1360, 2009 WL 3152184, at *4 (E.D. Pa. Sept. 30, 2009) (finding that claims for fraudulent inducement are subject to Rule 9(b)'s requirement to plead with particularity). Under Pennsylvania law, six elements must be present to allege a misrepresentation claim:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 771 (3d Cir. 2009). The purpose of the heightened pleading requirement is to give defendants notice of "'the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). The requirement to plead with particularity can be met by alleging the date, place or time of the

fraud, or through "alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Seville*, 742 F.2d at 791.

Williamsburg alleges that State Farm made misrepresentations in the language of the contract itself with the intent to fraudulently induce Williamsburg into purchasing the Policy. Specifically, Williamsburg alleges that State Farm represented in the contract that it would pay for "accidental direct physical loss to the buildings at the premises described in the Declarations caused by an insured loss," when it only paid for 3% of the accidental direct physical loss to the townhomes listed in the Declarations. In addition, Williamsburg claims that in the contract State Farm promised to cover the townhomes as separate locations scheduled in the policy, whereas now State Farm considers the townhomes to be one unit. Williamsburg claims that State Farm made these misrepresentations with "confusing, ambiguous and contradictory language in the Policy which it drafted with no input from Williamsburg, its policyholder," that State Farm never intended to pay for the losses incurred to the townhomes, and that State Farm's conduct amounted to fraudulent or grossly negligent misrepresentation. *Id.* ¶¶ 64-66. Williamsburg points to no extraneous communications, materials, or efforts by State Farm to induce or coax it into signing the contract for the insurance policy. There is no mention of the date, place or time, or an alternative form of precision describing how the fraud took place. Williamsburg only points to provisions written in the contract itself. This alone is not enough to satisfy Rule 9(b). *See Sunshine v. Reassure Am. Life Ins. Co.*, No. 10-1030, 2012 WL 748669 (E.D. Pa. Mar. 6, 2012) (finding that the plaintiff's allegation that insurance company made a misrepresentation by entering into the contract with the plaintiff did not satisfy Rule 9(b)'s pleading requirements).

6

In addition, by grounding the fraudulent misrepresentation claim solely in the text of the contract, Williamsburg attempts to refashion its contractual dispute into a tort claim, running afoul of the "gist of the action" doctrine. The doctrine is designed to maintain the conceptual distinction between tort claims and breach of contract claims.[4] *Pediatrix Screening, Inc. v. Telechem Int'l Inc.,* 602 F.3d 541, 548 (3d Cir. 2010) (*citing eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002)). The gist of the action doctrine bars tort claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly reached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*eToll*, 811 A.2d at 19 (citations omitted) (internal quotation marks omitted). One need only read as far as the first requirement to recognize that Williamsburg's fraudulent misrepresentation claim can go no further. Williamsburg specifically alleged that the misrepresentations State Farm made are contained in the contract provisions themselves.

Williamsburg attempts to save its misrepresentation claim by distinguishing it as a fraudulent inducement claim, rather than a fraudulent performance of contract claim. Am. Compl. ¶ 12. Pennsylvania state courts have recognized that while the gist of the action bars fraud in the performance of contract claims, it may "not necessarily bar a fraud claim stemming from the fraudulent inducement to enter into a contract." *Sullivan v. Chartwell Inv. Partners, LP,* 873 A.2d 710, 719 (Pa. Super. 2005). The Third Circuit calls for a "fact-intensive judgment as to the true nature of a claim," inspecting whether the claim sounds in contract or exists

---

[4] While the Pennsylvania Supreme Court has not expressly adopted the gist of the action doctrine, the Pennsylvania Superior Court, U.S. Court of Appeals for the Third Circuit and United States District Courts for the Eastern, Middle, and Western Districts of Pennsylvania have all applied it and predicted that it will be adopted eventually. *Beck v. Arcadia Capital Grp., Inc.*, No. 09-1360, 2009 WL 3152184, at *4 n.5 (E.D.Pa. Sept. 30, 2009).

collaterally to the contract. *Bengal Converting Servs., Inc. v. Dual Printing, Inc.*, No. 11-6375, 2012 WL 831965, at *3 (E.D.Pa. Mar. 13, 2012) (citing *Williams v. Hilton Grp. PLC,* 93 F.App'x 384, 385 (3d Cir. 2004)). For instance, one court allowed a fraudulent inducement claim to go forward when a purchaser relied on a report about a product independent from the purchase contract. *Trueposition, Inc. v. Sunon, Inc.*, No. 05-3023, 2006 WL 1451496, at *3 (E.D.Pa. May 25, 2006).

Even though Williamsburg presents a fraudulent inducement claim, the gist of the action doctrine still bars it because the claim is not collateral to the contract. Because the alleged misrepresentations are contained in the provisions of the contract, Williamsburg cannot avoid the fact that the essence of their lawsuit concerns a breach of contract. Even if Williamsburg's claim for fraudulent inducement were sufficiently pled, then, it would fail under the gist of the action doctrine.[5]

### C. Motion to Dismiss Claim for Punitive Damages and Motion to Strike "willful and wanton" conduct

State Farm argues that Williamsburg is not entitled to punitive damages because they are not available in breach of contract cases, and the essence of this case is a contract claim. While punitive damages are available for tort claims, they are not available for claims that exclusively sound in breach of contract. *See* Restatement (Second) of Torts § 908 cmt. (b)[6] (noting that "[punitive damages] are not permitted merely for a breach of contract," though they are not precluded when the plaintiff sues for a breach of contract in the alternative for a tort); *eds*

---

[5] Williamsburg alleges that State Farm's conduct "amounts to fraudulent or grossly negligent misrepresentation or both . . . ." ¶ 66. While negligent misrepresentation claims do not require heightened pleading under Rule 9(b), Williamsburg's claim for negligent misrepresentation is similarly barred by the gist of the action doctrine. *See Trueposition,* 2006 WL 1451496.
[6] Pennsylvania has adopted section 908 of the Restatement (Second) of Torts for the rule for punitive damages. *See Chambers v. Montgomery,* 192 A.2d 355 (Pa. 1963).

8

*Adjusters, Inc. v. Computer Sci. Corp.*, 818 F. Supp. 120, 122 (E.D. Pa. 1993). State Farm's motion to dismiss Count III for fraudulent misrepresentation (a tort claim) is granted. None of the remaining counts are eligible for punitive damages.[7] Therefore, I will grant State Farm's motion to dismiss Williamsburg's request for punitive damages.

I will grant State Farm's motion to strike references to State Farm's "willful" and "wanton" conduct. To support its claim for punitive damages, Williamsburg alleged that State Farm's conduct was "wanton or willful, or both" in Counts III and IV and in its Prayer for Relief. Am. Compl. ¶ 67, 76. Punitive damages may be awarded for actions so outrageous "as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991). They may not be awarded for "ordinary negligence such as inadvertence, mistake, and errors of judgment." *Hall v. Jackson,* 788 A.2d 390, 403 (Pa. Super. 2001) (citation omitted). Williamsburg has not pled facts to support the allegation that State Farm's actions rose to the level of willful and wanton conduct. Moreover, its claim for punitive damages will be dismissed. Therefore, these references are no longer pertinent.

### D. Motion to Dismiss Claims for Attorneys' Fees, "Other" and "Further" Relief

At oral argument Williamsburg agreed to the dismissal of its claim for attorneys' fees. As for Williamsburg's request for "other" and "further" relief, State Farm argues that it should be stricken because that type of relief is only permitted for declaratory judgment, not breach of contract claims. However, State Farm did not challenge Williamsburg's cause of action for declaratory relief (Count I). Because this count remains, I will deny State Farm's motion to strike the request for "other" and "further" relief.

---

[7] Unjust enrichment (Count IV) is a "quasi-contract" remedy for which punitive damages are not available. *Motorola, Inc. v. Airdesk, Inc.*, No. 04-4940, 2005 WL 894807, at *3 (E.D. Pa. Apr. 15, 2005).

## IV. CONCLUSION

For the reasons stated above, State Farm's Motion to Dismiss will be granted in part and denied in part.

                                                         /s/ Anita B. Brody_____
                                                        ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                        Copies **MAILED** on _____ to: